**WILLING v. SHEIP.**

No. 6556.

Circuit Court of Appeals, Third Circuit.

March 15, 1938.

Joseph A. C. Girone, Jr., and Thomas J. Minnick, Jr., both of Philadelphia, Pa., for appellant.

Andrew R. McCown, James F. McMullan, and Shields, Clark, Brown & McCown, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania. The appellant filed three statements of claim. To the original statement of claim, Ella B. Sheip, the appellee herein, filed an affidavit of defense raising questions of law. The appellant obtained leave to amend. To the amended statement of claim the appellee filed a rule for a more specific statement of claim, which rule was made absolute. The appellant filed a second amended statement of claim and the appellee once more filed an affidavit of defense raising questions of law. The District Court entered judgment for the appellee on the ground that the second amended statement of claim failed to set forth a good cause of action. We restrict our discussion to the pleading upon which judgment was entered. This statement of claim, after the necessary juris-

dictional averments, contains allegations that William Tracy was the maker and his mother, Ella B. Sheip, the indorser of a demand promissory note dated January 29, 1932; that this note was presented for payment to Tracy as maker and also as agent and attorney in fact of the appellee both prior and subsequent to May 15, 1933, and up to August 14, 1934; and that Tracy promised to pay on his own behalf and as agent and attorney in fact of the appellee but has failed to do so. In paragraph 8 of the second amended statement of claim it is alleged: "That Wm. B. Tracy, also known as William B. Tracy, was, and is, at all times mentioned herein, the duly appointed, constituted and authorized agent and attorney-in-fact of Ella B. Sheip, having been duly authorized as agent and attorney-in-fact by reason of an oral agreement and understanding between the said Wm. B. Tracy, also known as William B. Tracy and the said Ella B. Sheip; that the said Wm. B. Tracy, also known as William B. Tracy, is the son of the said Ella B. Sheip, having represented to the officers of the Commercial National Bank of Philadelphia, at all times mentioned herein, by statements made to the said officers, that he represented his mother, the said Ella B. Sheip, in all of her negotiations subsequent to his having secured her endorsement of the above mentioned note; and at all the times mentioned herein, subsequent to the making of the loan to him by the Commercial National Bank of Philadelphia, he represented to the officers of the Commercial National Bank of Philadelphia that, owing to the advanced age and ill health of his mother, Ella B. Sheip, he Wm. B. Tracy, also known as William B. Tracy, was authorized and empowered to receive the said notice of dishonor, as her agent or attorney-in-fact."

We agree with the District Court that this statement of claim fails to set forth a cause of action upon which the appellant would be entitled to recover even if he should prove all the facts alleged therein. The Pennsylvania Negotiable Instruments Act of 1901, P.L. 194, § 89, 56 P.S. Pa. § 211, provides: "Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or non-payment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

It is undisputed that the statement of claim under consideration contains no allegation that notice of dishonor was served upon the indorser, appellee herein, in person. The act, however, permits service of notice upon an agent of the indorser, for section 97 of the Negotiable Instruments Act, 56 P.S.Pa. § 219, provides: "Notice of dishonor may be given either to the party himself or to his agent in that behalf."

Is it sufficiently alleged that notice of dishonor was given to an agent of the appellee "in that behalf"? Although paragraph 8 of the second amended statement of claim contains general statements that Tracy was the duly appointed, constituted and authorized agent of the appellee, the authority of Tracy to receive notice of dishonor on behalf of the appellee is nowhere pleaded.

We think the failure to adequately allege the giving of notice of dishonor justified the District Court in ruling in favor of the appellee on the questions of law raised by the affidavit of defense.

The judgment of the court below is affirmed.